[Civ. No. 19374.   First Dist., Div. Two.   June 19, 1961.]

RAYMOND THEOBALD et al., Appellants, v. ROBERT K. BYERS et al., Respondents.

William E. Ferriter for Appellants.

Hadsell, Murman & Bishop for Respondents.

SHOEMAKER, J.—Plaintiffs Raymond Theobald and Eugene P. Aureguy appeal from a judgment rendered in favor of defendant attorneys Robert K. Byers and Bruce Jacobs, in an action for their alleged malpractice.

The record shows that the defendants are attorneys practicing in Gilroy, California, Jacobs being the employee of Byers. On September 5, 1956, plaintiffs employed defendants to prepare a note and chattel mortgage in connection with a loan of $5,000 which plaintiffs were making to John Higgins and Charles Fette, who were engaged in the food canning business, and for whom the defendants did all of their legal work. Aureguy spoke to Jacobs about the drawing of the documents and told him what was involved and arranged with Jacobs to deliver them to Higgins when he had completed their preparation. Higgins received the documents from the secretary of Byers and Jacobs without any directions as to the acknowledgment or recordation of the chattel mortgage, although Jacobs was present in the office at the time Higgins appeared and received the papers. The result was that Higgins and

Fette executed the note and chattel mortgage and sent them on to Theobald and Aureguy without having the chattel mortgage acknowledged or recorded. In the subsequent bankruptcy of Higgins and Fette, the plaintiffs, because of the invalid chattel mortgage, were relegated to the position of unsecured creditors. The personal property covered by the chattel mortgage was of a value sufficient to fully secure the amount of the loan had the chattel mortgage been valid.

Defendants took the position that they were not negligent in the handling of this transaction and further that they did not act as attorneys for plaintiffs, but were at all times acting as attorneys for Higgins and Fette.

After trial by the court sitting without a jury, the court found upon sufficient evidence that plaintiffs and Higgins had employed defendants as attorneys to draft the promissory note and chattel mortgage; that the defendants were negligent in allowing Higgins to secure possession of these documents without advising plaintiffs or Higgins that the chattel mortgage should be acknowledged and recorded in order to be valid against Higgins' creditors; that such negligence was a proximate cause of plaintiffs' loss; that all parties wanted plaintiffs protected, and that plaintiff Aureguy was acting as the agent of plaintiff Theobald in all matters connected with the transaction; that plaintiff Aureguy was negligent in that ''he did not inquire of the defendant or any other attorney whether said chattel mortgage should be acknowledged or recorded or what should be done with said chattel mortgage, and in that he failed to arrange for the acknowledgment and recordation of said chattel mortgage . . .''; that this negligence was imputed to plaintiff Theobald and was a proximate cause of the failure of plaintiffs to have the status of secured creditors. Based upon these findings, the trial court ordered judgment for defendants since plaintiffs were contributorily negligent and thus barred from recovery.

The trial court expressly found both that defendants were acting as attorneys for plaintiffs and that the negligence of defendants was a proximate cause of the damages sustained by plaintiffs, so it is apparent that the judgment for defendants was based solely on the court's finding that the plaintiffs were guilty of contributory negligence. Therefore, the only question presented on this appeal is whether the trial court erred in finding plaintiffs guilty of contributory negligence.

Appellants first raise the question of whether contributory

negligence may properly be considered as a defense at all when it is asserted by an attorney against a client who is seeking damages for the negligence of the attorney. In support of this position, appellants urge that the defense of contributory negligence is not appropriate in an action of this type because the relationship between attorney and client is a fiduciary one and of a confidential nature. We find no validity to this contention. ▮▮ The rule is well established that an attorney is liable to his client for negligence in rendering professional services. The courts have consistently held that liability will be imposed for want of such skill, prudence and diligence as lawyers of ordinary skill and capacity commonly possess and exercise. (*Gambert* v. *Hart* (1872), 44 Cal. 542, 552; *Estate of Kruger* (1900), 130 Cal. 621, 626 [63 P. 31] ; *Moser* v. *Western Harness Racing Assn.* (1948), 89 Cal.App.2d 1, 7 [200 P.2d 7] ; *Armstrong* v. *Adams* (1929), 102 Cal.App. 677, 684 [283 P.871].) The lawyer can thus properly be classified with members of various other professions who are considered to possess knowledge, skill or even intelligence superior to that of an ordinary man and are, as a consequence, held to a higher minimum standard of conduct. (See Prosser, Torts [2d ed.], p. 132.) Doctors and dentists are held to this higher standard of care and their services can also be said to be of a fiduciary and confidential nature. Hence it would seem clear that similar rules of law would be applicable to all three professions. In actions against doctors and dentists for medical malpractice, courts have held the doctrine of contributory negligence to be a proper defense. (*Sales* v. *Bacigalupi* (1941), 47 Cal.App.2d 82 [117 P.2d 399] ; *Preston* v. *Hubbell* (1948), 87 Cal.App.2d 53 [196 P.2d 113] ; *Rising* v. *Veatch* (1931), 117 Cal.App. 404 [3 P.2d 1023].) A patient will thus be barred from recovery for medical malpractice where the patient has disobeyed medical instructions given by a doctor or dentist or has administered home remedies to an injury without the aid of medical advice. ▮ There would seem to be no reason whatever why the same rule should not be applicable in a legal malpractice action where there is evidence that a client chose to disregard the legal advice of his attorney. In our opinion, any other rule would be grossly unfair. The trial court was correct in holding that contributory negligence could properly be considered a defense in the instant case.*

---

*Reference is made in appellants' opening brief to the fact that respondents did not plead the defense of contributory negligence in their answer nor urge this defense at trial, but that this defense was raised

█    Appellants next contend that even if contributory negligence is a valid defense in the instant case, the evidence was insufficient to support a finding that appellants were guilty of such negligence. The trial court made specific findings as to the acts which constituted contributory negligence on the part of the appellants, namely, failure to inquire of respondents or any other attorney whether the chattel mortgage should be acknowledged and recorded, and failure to themselves acknowledge and record the chattel mortgage. We are of the opinion that these omissions on the part of appellants cannot be said to be sufficient as a matter of law to constitute contributory negligence.

█    We have before us an action in which the very reason that appellants employed respondents was that they desired that their loan to Higgins and Fette be secured in a manner which was legally efficacious. Had appellants desired to make the loan in an informal manner and place their trust solely in the continued solvency of Higgins and Fette, there would obviously have been no need whatever to employ an attorney to prepare the necessary papers. The trial court specifically found that all parties to the loan wanted the lenders protected in the transaction. Surely there could have been no other reason to employ respondents. The trial court also found that the respondents were negligent and that their negligence was a proximate cause of the loss sustained by appellants, but that appellants are barred from recovery solely because of their failure to themselves perform the very acts for which they employed respondents. Such a result cannot be upheld. Clearly the value of an attorney's services in connection with a transaction of this nature consists largely of his superior knowledge of the necessary legal formalities which must be fulfilled in order for a document to be valid in the eyes of the law. If laymen such as appellants were already familiar with the requirements to be met in order to attain the legal status of secured creditors, it would seem likely that there would be a considerable decrease in the demand for attorneys' services. Appellants employed respondents to perform a

only after the court had issued a memorandum of decision whereupon respondents then moved to amend their answer to conform to proof. In their closing brief, however, appellants abandon any objection to this procedure and concede that if the defense of contributory negligence was a proper one in this particular case, ". . . respondents had a right to amend to conform to proof and the trial court had a right to permit said amendment. . . ."

specific legal service for them. Respondents negligently failed to do so. Under these circumstances the trial court erred in finding appellants guilty of contributory negligence merely because they failed to record the chattel mortgage themselves or hire another attorney to do so.

Respondents assert, however, that the finding of contributory negligence on the part of appellants can be sustained on the ground that Higgins was acting as the agent of appellant Aureguy and that Higgins was guilty of negligence within the scope of such an agency. In order to establish the formation of this ''agency,'' respondents point to the fact that appellant Aureguy testified that he told respondent Jacobs to contact Higgins to ''have him sign the papers and take care of the matter.'' Respondents then assert that Higgins was negligent in signing the papers and sending them on to appellants without first inquiring of respondents whether they were sufficiently executed. Even assuming that Higgins *was* acting as the agent of appellants, respondents have clearly failed to show any acts on the part of Higgins which would amount to contributory negligence. There is no reason to assume that Higgins, any more than appellants, would be aware of the necessity of recordation or acknowledgment. Certainly both Higgins and appellants were equally justified in relying on respondents to carry out their mutual desire that appellants be legally secured.

Furthermore, there is no indication whatever that the trial court based its judgment on any theory of agency whereby the negligence of Higgins was imputed to appellants. Respondents point to the memorandum of decision in which the trial judge stated that Higgins was negligent, as well as appellants. This statement by the trial judge is as follows: ''The plaintiffs were themselves negligent (as was Higgins) in not inquiring —'what do we do next.' '' The very fact that the reference to Higgins was enclosed in parentheses indicates that the trial judge considered this fact to be immaterial to the decision. Furthermore, there is no finding either in the memorandum of decision or in the final findings by the trial court that Higgins was an agent of appellants. In fact, the court made no reference whatever to negligence on the part of Higgins in its findings. In view of these facts, it would seem abundantly clear that the trial court's decision cannot be deemed to have been based on any theory of agency.

██  Since the finding of negligence on the part of respondents is amply supported by the evidence and since the

finding that appellants were contributorily negligent cannot be allowed to stand, appellants are clearly entitled to recover their damages. Appellants, in their complaint, prayed for damages in the sum of $5,000 as the amount of the loan to Higgins and Fette, and for interest on this sum as provided in the installment note. Evidence was produced at the trial that appellants failed to file a claim in bankruptcy as general unsecured creditors of Higgins and Fette, and that had they done so they would have recovered 16.1 per cent of their claim, or the amount of $862.02. Since appellants could still have recovered this amount despite the negligence of respondents had they only chosen to file a claim, such sum should be applied to reducing the damages proximately resulting from respondents' negligence. Therefore, the judgment is reversed and the cause remanded for a determination of the amount which appellants could have recovered in bankruptcy in order that this sum may be deducted from the damages to which appellants would otherwise be entitled, and that judgment be entered in favor of appellants for the damages so determined.

Kaufman, P. J., and Draper, J., concurred.

A petition for a rehearing was denied July 19, 1961, and respondents' petition for a hearing by the Supreme Court was denied August 16, 1961.