SARTAIN, Judge.
The appellant herein is an attorney at law who was condemned by the district court to return to the plaintiff, individually and as subrogee of his co-heirs, the sum of $900.00 paid by the co-heirs for legal services rendered in connection with the handling of the Successions of William Abrams and Hannah Martin Abrams.
Two primary issues are presented, one procedural and the other substantive. Procedurally, defendant contends that plaintiff’s use of summary proceedings, i. e., by seeking modification of the judgment of possession in the succession to obtain his purported legitime and refund of attorney’s fees, was improper. Substantively, that the judgment decreeing the refund of the fees is in error. The trial court ruled against defendant on each issue and we affirm.
With respect to the exception of unauthorized use of summary proceeding, the *706 record indicates that this exception was interposed first at the trial of the rule nisi on November 24, 1969. There, this exception was offered on behalf of Eula Abrams only, not the appellant.
Nevertheless, the ruling which rejected the exception was correct. Code of Civil Procedure Article 2593 states:
“A summary proceeding may be commenced by the filing of a contradictory motion or by a rule to show cause, except as otherwise provided by law.
Exceptions to a contradictory motion, rule to show cause, opposition, or petition in a summary proceeding shall be filed prior to the time assigned for, and shall be disposed of on, the trial. An answer is not required, except as otherwise provided by law. * * * ” (Emphasis added)
The exception came too late when first raised at the trial and opposing counsel’s objection to its untimely filing was correct. Barnett Home Appliance Corporation v. Guidry, 224 So.2d 134 (La.App. 3rd Cir. 1969), writ refused, 254 La. 795, 226 So.2d 922; In Re Lomm, 195 So.2d 416 (La.App. 4th Cir. 1967), writ refused, 250 La. 541, 197 So.2d 81.
The judgment rendered herein should not be confused with a summary judgment, for which no motion was made. This matter was set for hearing on a rule to show cause and any objection to the use of that medium for deciding the question should have been raised by a dilatory exception filed as provided in Article 2593. The judgment rendered on the summary proceeding is not, therefore, procedurally deficient.
Turning now to the merits, we adopt as our own the written reasons assigned by the trier of fact:
“Plaintiff contends that the negligence of the defendant in handling the succession of his mother and father caused an erroneous distribution of the assets of the two estates and in order to rectify this error, plaintiff was obliged to retain new counsel. Plaintiff submits that defendant’s retention of the $1,050.00 taken from the succession is legally unjustified and morally unconscionable inasmuch as the defendant performed no real service to the estates. In fact, the plaintiff contends that what the defendant did can only be construed as a service to the estates and, consequently, the defendant cannot rightfully retain his fee.
Briefly a resume of the factual history relating to the case shows that in 1926 William Abrams died intestate and in 1966 Hannah Abrams, his wife, died testate. The two estates were treated as one and were distributed after Hannah Abrams’ death and in accordance with her will. Three forced heirs were left: Rozel, Doris, and Eula. Eula and Doris, through defendant attorney, petitioned for a judgment of possession without an administration. The judgment was rendered and signed although one forced heir (and legatee of the testate) did not accept the succession unconditionally. This was in direct contravention of LSA-C.C.Pr Articles 3001 and 3031, which permit a judgment of possession without an administration if all the legatees and/or heirs accept the succession unconditionally. Clearly, Rozel (plaintiff herein) did not unconditionally accept the succession since he did not sign the petition for a judgment of possession. Notwithstanding, the succession went forward without an administration and Rozel claims that the judgment of possession was prejudicial to him in that it denied him his forced portion— although it did grant him his legacy. Rozel sought to have the succession reopened in order to obtain his forced portion. Before any determination was made on the question of the validity vel non of the judgment of possession, Rozel, Eula and Doris settled amicably out of court. Apparently, all three are now satisfied that under the settlement (styled as a ‘Transaction and Compromise’) each has received what was fairly his under the law and the testament. The succession, therefore, is effectively closed. *707 However, Rozel, as subrogee of any rights that Eula and Doris may have arising out of the succession, now seeks to recover from the defendant his fee of $900.00 and the appraiser’s fee of $150.00. At this point the Court must point out that there was no evidence introduced showing the inadequacy of the appraisal and only the plaintiff’s pleadings are offered in support of this demand.
In support of his contentions, the plaintiff Rozel alleges that: (a) The services negligently performed by the defendant, i. e., obtaining a judgment of possession without unconditional acceptance by all heirs and legatees, were no services at all; in fact, they were a disservice and that defendant should be required to refund the fee which he took; and (b) that the fee, if permissible, should be paid by the two clients to whose benefit the services redounded (namely Eula and Doris) and not be taken from the succession, and thus, in part, from the plaintiff. That is to say, plaintiff objects to the succession being charged for legal services since that would mean that plaintiff would be, in effect, paying in part for something of no benefit to him.
Defendant contends that there was no negligence in handling the succession and that Rozel, the plaintiff, concurred in the judgment of possession. Apparently, defendant is arguing that he properly handled the succession, received his fee and that any post succession settlements between forced heirs and legatees are not his concern.
The principal issues to be resolved by the court are these:
I. Is the omission by an attorney of the name of one of the forced heirs or legatees in a petition for a judgment of possession without administration to be considered negligence ?
II. May the plaintiff recover the fee taken by the defendant attorney and the appraisers ?
The instant case cannot be resolved by any reference to any black letter law. There is relatively little jurisprudence in the whole area of attorney responsibility and none at all which is directly on all fours with this case. Nonetheless the rule is well established that:
‘An attorney is liable to his client for negligence in rendering professional services. The Courts have consistently held that liability will be imposed for want of such skilled prudence and diligence as lawyers of ordinary skill and capacity commonly possess and exercise.’ Theobald v. Byers, at [193 Cal.App.2d 147, 13 Cal.Rptr. 864] 87 A.L.R.2d 986, 989.
Further, in a Louisiana case, Toomer v. Breaux, 146 So.2d 723, ([La.App.] 1962) 3rd Cir., the Court stated:
‘An attorney is liable to his client for the damages caused by the latter by the attorney’s negligence in the handling of the client’s business, providing that the client proves by a preponderance of the evidence that such negligence is the proximate cause of the loss claimed.’
Additionally, the Supreme Court in an old Louisiana case, Breedlove vs. Turner (1821) 9 Martin 353, established the standard of care required of the legal profession when it declared:
‘An attorney is required to exercise that degree of care commonly possessed and exercised by what might be called the “reasonably prudent” attorney under the circumstances.’
Another statement of the attorney’s standard of care is set forth as follows: *708 Thus it can be seen that the attorney is judged by the same general standards and rules of law as are physicians, surgeons, and other professional people. Prosser, Torts, Second Ed. 132.
*707 ‘An attorney is held liable for the consequences of his ignorance or nonobservance of the rules of the courts in which he practices or of the statutes and published decisions of his own jurisdiction.’ 7 Am.Jur.2d Sec. 169. Also see similar statements in 2 Restatement of the Common Law, 1015, 87 A.L.R.2d 991, and 45 A.L.R.2d 15.
*708 Applying these principals to the instant case, it is felt that the defendant herein was negligent. He must be held to know and should have observed the elementary rule that there can be no judgment of possession without an administration unless all the heirs and legatees accept unconditionally. This rule is designed to protect against the possibility of a non-accepting heir or legatee being prejudiced by lack of an administration. This is exactly what occurred in the instant case. If the requirements outlined by the Code of Civil Procedure had been complied with, this suit would never have arisen because plaintiff would have had his day in court and would have no cause to complain. The defendant’s failure to know and/or follow this basic law is, under the circumstances, negligence. A reasonably prudent lawyer would have made sure that all legatees or heirs were not only accounted for, but were petitioners before obtaining a judgment of possession without administration.
Having concluded that defendant was negligent in failing to follow a basic rule of law, the question arises can the plaintiff recover back the fee paid to defendant. This writer found no law in this area save Civil Code Article 21 which provides that in all civil matters where there is no express law, the judge is bound to decide according to equity. Basically, it comes to this: The defendant as a lawyer was hired to perform specific professional services, which he performed in such a manner as to require substantial remedial services to correct his errors. Upon proper request he refused to take corrective steps to cure the defects, which failure ultimately culminated in a settlement being made by his clients in lieu of obtaining the necessary remedial work by other counsel. The defendant’s negligence was, after all, the cause of the protracted dispute over the succession assets. Should a lawyer be allowed to do a halfway job, walk away with a full fee and then let his clients straighten out the mess at their own expense ? The legal profession requires and demands more. Therefore, it is the court’s opinion that equity demands that the fee be returned. In the absence of any evidence in connection with the inadequacy of the appraisal, the plaintiff’s demand in that respect is denied.”
Finally, we reject plaintiff’s demand for an award in damages for an alleged frivolous suspensive appeal. The case was thoroughly briefed and argued by the appellant and the appeal seems to have been taken in complete good faith. We find no grounds for such an award here.
Accordingly, for the above and foregoing reasons, the judgment of the district court is affirmed at appellant’s costs.
Affirmed.