David F. Lee, Jb., J.
The plaintiff in these wrongful death actions moves, in each of the actions, pursuant to CPLR 3211 (subd. [b]) to dismiss the affirmative defense alleged in defendants’ answers, “ on the ground that a defense is not stated”.
The affirmative defense alleged in the answer of the defendant Binghamton General Hospital alleges: “ 5. That the death of the plaintiff’s intestate, and the damages and injuries referred to in the plaintiff’s complaint were caused or contributed to, in whole and part, by the plaintiff administratrix and by the plaintiff’s intestate. ’ ’
Plaintiff’s counsel notes in his memorandum, paraphrasing allegations of the complaints: ‘‘ On September 11, 1965, at about 6:17 p.m., plaintiff’s intestate was admitted to the Binghamton General Hospital with a gunshot wound of the right thigh. * * * On September 12, 1965, at 12:50 p.m., approximately 18% hours after admission to the hospital, the plaintiff’s intestate died.” The bill of particulars of the defendant hospital alleges, in part:
*1052 “ 1. The Plaintiff Bethel M. Lamoree was, upon information and belief, a participant in the particular acts which caused or contributed in whole or in part to the death of the plaintiff’s intestate in discharging a fire arm and inflicting an intentional gun shot wound upon the person and body of the plaintiff’s intestate from which the plaintiff’s intestate did ultimately die.
“2. The Plaintiff’s intestate was, upon information and belief, a participant in the acts and omissions in seeking forcibly to enter the premises occupied by the Plaintiff against the wishes and will of the said Plaintiff and was shot as aforesaid in the attempt to forcibly enter the premises of the Plaintiff and upon information and belief, to do bodily harm to said Plaintiff, all contrary to the specific warnings issued by the Plaintiff in that regard.”
The defendant Richard W. Rommel, as an affirmative defense, alleges in his answer: “7. That the death of the plaintiff’s decedent was caused, in whole, or in part, or was contributed to, by the negligence and want of care on the part of the plaintiff and the plaintiff’s decedent, and not by any fault or want of care on the part of the defendant.”
The bill of particulars of the defendant Rommel alleges, in paid:
“ 1. The acts complained of occurred on the 11th day of September, 1965 at approximately 4:00 p.m. At that time, the plaintiff, Bethel M. Lamoree, contributed in whole or in part to the death of the plaintiff’s intestate by deliberately and intentionally shooting the plaintiff’s intestate with a gun in the leg causing him to suffer a fatal wound; in the alternative the said plaintiff was guilty of gross negligence, wantonness and reckless disregard for human life; or that the plaintiff negligently and carelessly pointed a gun at the said plaintiff’s intestate and caused him to be shot in the leg inflicting a fatal wound. That at the time the aforesaid acts occurred the plaintiff was not threatened with any violence by the plaintiff’s intestate and was not in any way acting in self-defense. That, in fact, the plaintiff advised the plaintiff’s intestate that she would shoot him if he came through the door of the house and after he came through the door she then and there did shoot him in the leg. The said acts and occurrences took place at the home of the plaintiff’s mother on Colesville Road in the Town of Colesville.
“ 2. * * * That the said plaintiff’s intestate negligently, recklessly and carelessly endangered his life in that he proceeded to enter the door despite the warnings and threats that *1053 he would he shot. In the alternative, that the plaintiff’s intestate negligently, carelessly, recklessly and intentionally and wantonly threatened the plaintiff with violence and caused himself to he fatally shot by the plaintiff.”
It might be noted that, as counsel are certainly aware, the object of a bill of particulars is to amplify a pleading, to limit proof, to prevent surprise to the adverse party at the trial and to enable the adverse party to know definitely the claim he is called upon to meet at the trial. (Matter of May, 17 A D 2d 729.)
The rule set forth in EPTL 5-4.2 places the burden of proof as to decedent’s contributory negligence, in a wrongful death action, on the defendant; it is a defense that must be pleaded and proved by a defendant. In actions such as these malpractice actions, what is the contributory negligence that may be pleaded and proved as a defense ? Are alleged negligent acts or omissions of a plaintiff prior to the alleged negligence of a defendant, as alleged in the complaint, contributory negligence that may be alleged and proven as a defense? Or is it acts or omissions of a plaintiff at the time of or subsequent to the alleged negligence of a defendant in a malpractice case that may be alleged and proven? Any recovery by plaintiff would, of course, be limited to such damages as were occasioned by the alleged negligence of the defendants, that is, damages causally related to such negligent acts or omissions alleged in the plaintiff’s complaint. “ 1 The damages recoverable in malpractice are for personal injuries, including the pain and suffering which naturally flow from the tortious act.’ ” (Robins v. Finestone, 308 N. Y. 543, 546.)
In Matter of Parchefsky v. Kroll Bros. (267 N. Y. 410, 413-414) the court noted: “A person who negligently injures another is not a joint tort feasor with a physician whose negligence thereafter aggravates the original injury. Nevertheless, the malpractice coalesces with the original injury at that point and the two independent wrongs become concurrent causes of the ultimate result.”
A plaintiff in a derivative action generally is, of course, barred by contributory negligence on his own part or on the part of the person through whom his rights derive. EPTL 5-4.1 provides : ‘ ‘ The personal representative * * * of a decedent who is survived by distributees may maintain an action to recover damages for a wrongful act, neglect or default which caused the decedent’s death against a person who would have been liable to the decedent by reason of such wrongful conduct *1054 if death had not ensued.” The action depends only on whether defendant “ would have been liable to the decedent”. This court may not, of course, substitute judicial fiat for legislative enactment. In a wrongful death action the negligence of a beneficiary will not bar recovery, whether it be a concurrent contributing cause or the sole cause of the decedent’s death. (See Rozewski v. Rozewski, 181 Misc. 793; Matter of Minetti, 65 Misc 2d 1011, 1012.)
Counsel representing the defendant hospital urges, among other things, in his memorandum of law: ‘ ‘ The plaintiff as the original tort feasor is thus legally responsible for all of the consequences which directly flow and are reasonably expected from the original injury. The case of McKay v. Syracuse R. T. Rug Co. 208 N. Y. 362 (1913) is an early expression of the Court of Appeals regarding the question of whether a negligent plaintiff who contributed to the death of his spouse can recover for the wrongful death. The court held that there was a right of recovery for the negligent plaintiff. However, the court also made it clear that the maxim that no one shall be permitted to profit by his own wrong applied in cases of willful acts. ‘ It was applied in Riggs v. Palmer (115 N. Y. 500) to a case of willful murder, which is very different from mere carelessness. ’ It is the contention of the defendant that the intentional act of the plaintiff in shooting her husband distinguishes the present case from the cases which hold that there is a right of recovery. Research did not reveal any cases that held a plaintiff has a right to bring an action under the wrongful death statute where his intentional act contributed to the death of the spouse. Thus, it is submitted that the acts of the plaintiff are a proper defense to the action.”
The contention urged poses another question. Assuming, arguendo, negligence, or an intentional shooting, on the part of the plaintiff administratrix, should this defeat any claim of the two infant children? Should the culpability, if there be any, of one of the distributees of the decedent’s estate taint the claim or bar the possibility of recovery of innocent distributees? The question is hardly subject to debate. The court is also mindful of the presumption of innocence. (See and cf. Matter of Bobula, 19 N Y 2d 818.)
The complaints allege negligence after admission to the hospital. The complaint in the action against the hospital alleges that plaintiff’s intestate was “ suffering from a gunshot wound of the right thigh” on admission to the hospital. The complaint in the action against the defendant Rommel alleges that *1055 the defendant attended and treated plaintiff’s intestate “ for a gunshot wound of the right thigh and shock due to loss of blood”. That the decedent was suffering from a ‘ ‘ gunshot wound ’ ’ is not disputed. Any tortious acts of the defendants, if there were any, were successive and independent of any act of the plaintiff and the decedent on the afternoon of September 11,1965 before the intestate was admitted to the hospital. Since the complaints allege negligence on the part of the defendants after admission to the hospital, any conduct on the part of the plaintiff administratrix or plaintiff’s intestate before admission to the hospital should not be considered as a defense by the defendants for any negligence or improper treatment after the plaintiff’s intestate was admitted to the hospital. (See Schagger v. Pfeiffer, 244 App. Div. 739.) Any ruling on the admissibility of evidence upon trial concerning the earlier occurrence, as it properly should be, will be left to the time of trial.
The motions of plaintiff with respect to the allegations of the affirmative defenses pertaining to the plaintiff administratrix Bethel M. Lamoree should be granted. The motions as to the affirmative defenses pertaining to the deceased should be granted as to events which occurred prior to his admission to the defendant hospital and his treatment by the defendant physician, and should otherwise be denied.