LOBRANO, Judge.
Plaintiff appeals the summary judgment dismissing her suit to annul the judgment of possession rendered in her father’s succession proceeding. Mrs. Paula Denise *607 Smith Charles, plaintiff-appellant brought the suit against the executor alleging non-conformance with the Code of Civil Procedure, improper evaluation of property, and an intention to defraud her of her proper inheritance. Defendant-appellee, Mr. Tyrone Huey Smith is plaintiffs brother and executor of their father’s estate. He requested, and was granted a summary judgment solely on the grounds that plaintiff accepted the succession and was therefore barred from bringing this action. This appeal followed.
FACTS:
Huey Patterson Smith died on March 3, 1985. Appellant, Mrs. Paula Charles and appellee, Mr. Tyrone Smith are the decedent’s heirs; Mrs. Elise Piper is a non-related legatee of the decedent. Tyrone Smith was appointed executor under his father’s will, and was represented by Mr. John S. Keller during the succession proceedings. Mr. Smith, as executor, petitioned the trial court for probate of the will and possession of the estate without an administration. The court granted a judgment of possession on May 13, 1985. Mrs. Charles and Ms. Piper were not joined as parties in these proceedings. An amended judgment of possession was granted on June 4, 1985 to correct Ms. Piper’s name.
On May 13, 1986, Mrs. Charles filed suit against the executor and his attorney seeking to annul the judgment of possession and for damages. In her petition, Mrs. Charles alleges that proper procedures were not followed in the succession proceedings, property of the decedent was incorrectly valued, assets of the decedent were concealed from the succession and that the executor intended to defraud her of her rightful inheritance. Mrs. Charles asked the court to:
1) set aside the judgment and amended judgment of possession;
2) disqualify Tyrone Smith as executor and appoint her to that position;
3) order an accounting to be filed by Tyrone Smith;
4) order an accounting to be filed by Elise Piper;
5) order a collation from Tyrone Smith of all inter vivos and mortis causa donations, and/or a reduction of the mortis causa donations which impinge upon her legitime.
6) award damages, attorneys fees, costs and other relief.
Tyrone Smith filed a motion for summary judgment asserting that Mrs. Charles had tacitly accepted the succession and was therefore estopped from pursuing her suit. Mr. Keller, the executor’s attorney, filed a motion to dismiss asserting the petition failed to state a cause of action against him.
The trial court granted both motions and dismissed plaintiff's suit. We reverse.
There are two issues for our determination: the propriety of the summary judgment, and whether the petition asserts a cause of action against the executor’s attorney.
A summary judgment should be granted only when “the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law.” La.C.C.Pro. Art. 966(B). The mover for summary judgment carries the burden, and any doubt is resolved against the motion in favor of a trial on the merits. Ricker v. Wieleman, 464 So.2d 891 (La.App. 4th Cir.1985).
In the instant case, the trial court concluded that since plaintiff had accepted the succession she was precluded from asserting the action. A review of the documentation in the record clearly shows there is no dispute about the fact that there was a tacit acceptance by Mrs. Charles. Acceptance can be express or tacit. Tacit acceptance occurs when "... some act is done by the heir, which necessarily supposes his intention to accept, and which he would have no right to do but in his quality of heir.” La.C.C. Art. 988.
However, the legal conclusion that an acceptance (whether express or tacit) prevents plaintiff from asserting her cause of *608 action is incorrect. The effect of simple acceptance, whether express or tacit, is such that when made by an heir of age, it binds him to the payment of all debts of the succession_” La.C.C. Art. 1013. We find no other legal effects of an acceptance.
Mrs. Charles is not attempting to avoid succession debts or renounce her acceptance. Her petition alleges collation, intentional concealment of estate properties, impingement on her legitime and improper valuation of estate assets. We find no authority to support the conclusion that a tacit acceptance bars these actions asserted by an heir.
DISMISSAL OF THE EXECUTOR’S ATTORNEY
We are convinced that plaintiffs petition does state a cause of action against the executor’s attorney. In Abrams v. Succession of Abrams, 252 So.2d 705 (La. App. 1st Cir.1971) the Court recognized and upheld a cause of action against an attorney for the negligent handling of an succession. In the instant case, plaintiff alleges that the attorney failed to follow the proper procedures in obtaining the judgment of possession, and asserts an incorrect valuation of the succession property. Although we agree that the petition is somewhat vague as to the damages claimed as a result of the attorney’s alleged negligent acts, we believe it (the petition) is sufficient enough to preclude dismissal on an assertion of no cause of action.
For the foregoing reasons, the trial court’s judgment is reversed, and this matter is remanded for further proceedings.
REVERSED AND REMANDED.