Henry B. McLISTER, Plaintiff–Appellant,

v.

EPSTEIN & LAWRENCE, P.C., n/k/a Epstein & Molk, P.C., f/k/a Kripke, Epstein & Lawrence, P.C.; James S. Miller; and Scott W. Lawrence, Defendants–Appellees.

No. 95CA0679.

Colorado Court of Appeals, Div. III.

Aug. 8, 1996.

Rehearing Denied Sept. 5, 1996.

Certiorari Denied March 31, 1997.

Cockrell, Quinn & Creighton, Todd A. Jansen, Richard M. Foster, Denver, for Plaintiff–Appellant.

Treece, Alfrey & Musat, P.C., Thomas N. Alfrey, Alison F. Kyles, Christine L. McAvoy, Denver; Victor M. Morales, Denver, for Defendants–Appellees.

Opinion by Judge KAPELKE.

In this legal malpractice action, plaintiff, Henry B. McLister, appeals from the judgment of the trial court in favor of defendants Epstein and Lawrence, P.C. (the law firm) and James Miller. Plaintiff also challenges the dismissal of his breach of contract claim against the law firm and Miller, and his claim for negligent supervision against defendant Scott Lawrence. We affirm in part, reverse in part, and remand with directions.

On March 3, 1989, a health care aide employed by the plaintiff injured herself when she fell down some stairs in his home. A claims adjuster for plaintiff's homeowner insurance carrier negotiated a settlement with the aide and, in exchange, obtained a release of claims against plaintiff. The adjuster, however, failed to take necessary steps to have the agreement approved by the Division of Workers' Compensation so that it would constitute a binding release of the aide's workers' compensation claim against plaintiff.

When the aide later brought a workers' compensation claim, plaintiff retained the defendant law firm to represent him. Lawrence, a partner in the firm, assigned the

case to Miller, an associate attorney. Although plaintiff was required by law to have workers' compensation insurance for his home health care aides, he had not obtained such coverage.

Miller defended the case solely on the theory that the release obtained by the insurance company operated as an election of remedies. Following a hearing, an administrative law judge ruled in favor of the aide. The ruling was reversed by the Industrial Claim Appeals Panel, but ultimately reinstated by a division of this court. *See Cook v. McLister,* 820 P.2d 1167 (Colo.App.1991).

Thereafter, plaintiff brought an action against the insurance company based on negligence, breach of contract, fraud, and estoppel to deny coverage. In a separate action, plaintiff alleged that defendants had acted negligently in representing him in the workers' compensation case and had breached both their fiduciary duties and the attorney-client contract. Plaintiff also alleged that Lawrence had been negligent in supervising Miller.

The cases were consolidated and tried to a jury. Over plaintiff's objections, the court instructed the jury on comparative negligence and also gave an instruction stating that it is not a defense to negligence that a person is unaware that his or her conduct constitutes a violation of the law. The court dismissed plaintiff's negligent supervision claim against Lawrence because of plaintiff's failure to present expert testimony regarding the standard of care. The court also dismissed plaintiff's claim for breach of contract on the ground that it was subsumed by his malpractice claim.

The jury found in favor of the insurance company and also in favor of defendants on plaintiff's breach of fiduciary duty claim. While the jury concluded that defendants had been negligent and that the negligence had caused plaintiff's damages, it concluded that plaintiff had also been negligent and that the percentage that his own negligence or fault had contributed to his damages was 81% Accordingly, the court entered judgment in defendants' favor. On appeal, plaintiff challenges only the judgment in favor of the law firm and Miller and the dismissal of the claim against Lawrence.

## I.

■ Plaintiff first contends that the trial court erred in giving a comparative negligence instruction. We agree.

■ Although comparative negligence is a defense to a claim of legal malpractice in Colorado, *see Scognamillo v. Olsen,* 795 P.2d 1357 (Colo.App.1990), the client's alleged negligence must relate to the injury alleged to have been caused by the attorney's negligence and must relate to the attorney's representation. For example, a comparative negligence instruction may be based on evidence that the client: 1) failed to supervise, review, or inquire as to the representation; 2) refused to follow advice or instructions; 3) failed to provide the attorney with essential information; 4) failed to mitigate damages caused by the lawyer's negligence; or 5) interfered with the attorney's representation. *See* 2 R. Mallen & E. Smith, *Legal Malpractice* § 20.2 (1996).

Here, however, the court based the instruction on plaintiff's failure to obtain workers' compensation insurance in the first instance. Although the evidence may have been relevant to the issue of causation, we agree with plaintiff that this conduct cannot serve as the basis for a comparative negligence instruction.

Defendants knew that plaintiff was uninsured when they agreed to represent him. Plaintiff's failure to obtain workers' compensation insurance was therefore neither contemporaneous with, nor causally linked to, defendants' negligence in handling his case. Thus, the giving of the instruction was error. *See* 2 R. Mallen & J. Smith, *Legal Malpractice* § 20.2 (1996).

To allow the attorneys to rely on the negligence of the client preceding the attorney's engagement would be equivalent to allowing a physician to defend a claim for malpractice based on the negligence of the patient in not having sought treatment sooner. Again, such circumstances would be relevant to the issue of causation, but would not present a

proper basis for a comparative negligence instruction.

The jury found that plaintiff had sustained damages in the amount of $104,000: $93,000 for payments made to the aide or others relating to the workers' compensation claim, and $11,000 in legal fees. Because we are unable to ascertain what effect, if any, the improper giving of the comparative negligence instruction might have had on the overall determination of the jury, we conclude that a remand is necessary for a new trial on plaintiff's negligence claims against the law firm and Miller.

On remand, the court should ensure that the jury is instructed that it may award only those damages that were directly caused by the acts or omissions of the law firm and Miller.

## II.

■ Plaintiff also contends that the trial court further erred in instructing the jury that it is not a defense to negligence that a person is unaware that his or her conduct constitutes a violation of the law. We agree.

Here, the only evidence of a legal violation concerned plaintiff's failure to procure workers' compensation insurance. In light of our conclusion that such failure cannot be the basis for a comparative negligence defense here, we also necessarily conclude that the violation of the law instruction should not have been given.

## III.

■ Plaintiff next contends that the court erred in dismissing his breach of contract claim. We disagree.

■ Under Colorado law, a claim based on a violation of duty imposed by the attorney-client relationship sounds in tort. While a claim for breach of the attorney-client contract is cognizable, it must be based on a specific term in the contract. *International Tele–Marine v. Malone & Associates,* 845 F.Supp. 1427 (D.Colo.1994).

Plaintiff's claim was based on a provision in the contract that defendants would provide legal representation "faithfully and with due diligence." In dismissing the claim, the trial court found that it was based on the attorney-client relationship rather than on a specific term in the contract. The court further concluded that the claim was subsumed into plaintiff's malpractice claim.

We perceive no error. The contract provision at issue here did not include an undertaking to perform a specific act or achieve a particular result, but was simply a restatement of the duties of care and loyalty that attorneys owe to their clients. As the trial court held, plaintiff's breach of contract claim was encompassed within his malpractice claim. *See International Tele–Marine v. Malone & Associates, supra* (claim for breach of attorney-client contract for failure to render legal services in "skillful, competent, and professional manner" dismissed when fair reading of pleadings indicated it was simply pled as an alternative to malpractice claim).

## IV.

■ Plaintiff next contends that the trial court erred in dismissing his negligent supervision claim against Lawrence because of the failure to present expert testimony as to the appropriate standard of care. Again, we disagree.

■ Except in clear and palpable cases, expert testimony is required to establish standards of professional conduct in legal malpractice actions. *Boigegrain v. Gilbert,* 784 P.2d 849 (Colo.App.1989).

Plaintiff contends that expert testimony was not necessary here because he was not attempting to prove that defendant's negligent supervision constituted professional malpractice, as such. He also asserts that a law firm's duty to supervise is the same as that of other employers and that the standard of care is within the common knowledge of jurors. We are not persuaded.

The jury was required to evaluate defendant Lawrence's supervision in comparison with the standard applicable generally to supervising attorneys. Because plaintiff failed to offer expert testimony concerning the standard of care for supervising attorneys in

order for the jury to determine whether Lawrence's conduct deviated from that standard, the court properly dismissed the claim against Lawrence. *See Crystal Homes, Inc. v. Radetsky,* 895 P.2d 1179 (Colo.App.1995) (expert testimony was required to establish liability for breach of a confidential relationship where duties arising therefrom would be measured against standards applicable to attorneys).

We also reject plaintiff's assertion that his expert witness did in fact testify regarding defendant Lawrence's duty to supervise Miller and as to the applicable standard of care. Our review of the record reveals that the expert's testimony was confined to a consideration of the responsibilities and conduct of Miller and the law firm.

We thus conclude that the trial court did not err in dismissing the negligent supervision claim.

## V.

Finally, plaintiff asserts that the trial court abused its discretion in awarding, as costs, expert witness fees for a defense witness who did not testify except as a fact witness for plaintiff. In light of our reversal of the trial court's judgment on the malpractice claim, defendants are no longer the prevailing party and, thus, would not be entitled to an award of such expert witness fees.

That portion of the judgment in favor of Epstein and Lawrence, P.C., and Miller on plaintiff's negligence claim is reversed, and the cause is remanded for a new trial in accordance with this opinion; in all other respects, the judgment is affirmed.

STERNBERG, C.J., and HUME, J., concur.