## KBF Associates L.P. v. Saul Ewing Remick & Saul

2

*Daniel S. Bernheim* and *Jonathan J. Bart,* for plaintiff.
*Richard L. Bazelon* and *Jerrilyn G. Marston*, for defendants.

BERNSTEIN, *J.,* May 5, 1998—Before the court is a legal malpractice case deriving from housing revenue bonds issued by the Redevelopment Authority of Montgomery County in 1985 for the benefit of a limited partnership, KBF Associates L.P. The original bonds set forth periods of time at which they could be redeemed at predetermined prices. Although it was originally contemplated that the bond transaction would close on September 1, 1986, the closing did not occur until September 17, 1986. Defendant Pepper Hamilton & Scheetz issued an opinion letter which incorrectly stated that KBF could redeem the bonds at par on September 1, 1993. It is also alleged that defendants Saul Ewing Remick & Saul failed to advise plaintiff of the effect of the postponement of the closing on the redemption price. After plaintiff KBF committed itself contractually to redeem the bonds

in September of 1993, it learned that a $550,000 premium would be necessary to redeem the bonds at par plus 1 percent.

Before the court is a motion by defendant, Saul Ewing Remick & Saul and Timothy Frey, Esquire, for a pretrial ruling that the Pennsylvania Comparative Negligence Act, 42 Pa.C.S. §7102, does not apply, but Pennsylvania principles of contributory negligence do apply. Plaintiffs herein agree that the Comparative Negligence Act is inapplicable, but claim contributory negligence is equally inapplicable.

The Saul Ewing defendants were engaged as counsel for plaintiff KBF in a complex bond reoffering transaction in 1986 and redemption transaction concerning the same bonds in 1993. The Saul Ewing defendants were specifically retained to review thousands of pages of complex documentation relating to the two transactions and advise the plaintiff. Defendants ask this court to rule that a client may be barred from suing his attorney for malpractice with respect to errors within the scope of the attorney's engagement where it can be demonstrated that the client had the capability and expertise to have independently determined the error. The court finds no support in Pennsylvania law for this proposition and accordingly rules that contributory negligence is no defense under the specific factual situation presented herein.

Clearly, the negligence of a client can be relevant to a claim of damages in a professional malpractice case. Where a patient fails to follow the advice of a physician and by doing so causes or increases the harm suffered, the facts of noncompliance can be presented to the jury as a defense or in mitigation of damages.[1]

---

1. See *e.g., Morganstein v. House,* 377 Pa. Super. 512, 547 A.2d 1180 (1988).

There is no support, however, for the proposition that if a physician himself is a patient, his failure to independently recognize that a deviation from the standard of care is occurring can be presented to the jury on either a comparative or contributory negligence basis. Despite the admonition "doctor heal thyself," a physician who is a patient has no obligation to insure that his treating physician in whom he trusts is acting within the applicable standard of care. This is particularly true where the patient-physician has no direct knowledge of the medical specialty involved, but is only capable of researching his medical care and is competent to independently determine that deviations from the standard of care are occurring.

Likewise, in the legal malpractice situation, a lawyer who is not foolish enough to represent himself, is not required to independently confirm the actions of his counsel. The claim presented herein is yet another step removed from the above theoretical analysis.

Defendants herein claim that the general partner of KBF, Mitchell L. Morgan, was individually sophisticated enough to have performed the exact legal work for which defendants were retained and, therefore, his failure to independently read and analyze the bond documents and check the work of his retained counsel can constitute a complete bar to this claim. The authority offered by defendant for this proposition is the case of *Rizzo v. Michener,* 401 Pa. Super. 47, 584 A.2d 973 (1990) in which a professional negligence claim was brought against a termite inspection company for the failure to fully examine the premises. The Superior Court found comparative negligence applicable because the seller refused to permit the inspector to examine a closed portion of the property in which there was severe termite damage. The termite inspector correctly

noted that the "crawlspace was inaccessible." The area which was not examined was never viewed personally by the purchaser despite five inspection visits. Because this area contained visible and severe deterioration, the court concluded that comparative negligence was applicable in failing to permit professional inspection or to examine independently. This case is inapplicable to reliance upon counsel's review and advice on a complex, major bond transaction.[2]

The general rule in Pennsylvania is that one to whom a duty is due has the right to assume that it will be performed and is not required to anticipate the negligence of another. *Bortz v. Henne,* 415 Pa. 150, 204 A.2d 52 (1964); *Downey v. Union Paving Co.,* 184 F.2d 481 (3d Cir. 1949). Thus, plaintiff, KBF herein, had a right to rely on the advice of experienced bond counsel without the risk that the consequences of defendants' negligence would be shifted to the partnership because of the sophistication or experience of its general partner. There is no allegation herein that the plaintiff, client contributed in any way to the breach in duty.[3]

---

2. Likewise, the case of *Jewelcor Jewelers and Distributors Inc. v. Corr,* 373 Pa. Super. 536, 542 A.2d 72 (1988) is inapposite. In that case, contributory negligence was held to be a defense to a claim for professional negligence by an accountant. In that matter, the defendant accountant presented evidence that plaintiff's internal inventory had been miscalculated by plaintiff and that the defendant accountant had not been timely apprised by the plaintiff of the true situation. No such misrepresentation or mistakes are presented herein. The claim for contributory negligence in this matter rests exclusively upon the contention that plaintiff was sufficiently sophisticated to have independently checked inaccurate professional work.

3. It is noted that there is no claim that KBF provided false or incorrect information or in any way failed to follow the advice of defendants. Indeed, the claim arises because they accepted and relied upon the advice of counsel.

This court cannot find any Pennsylvania case specifically controlling this issue. Although this ruling is merely the application of basic and long-standing Pennsylvania law to the specific fact situation presented, it can be instructive to view appellate decisions in other jurisdictions which have more closely encountered this problem. In *National Surety Corp. v. Lybrand,* 256 A.D. 226, 9 N.Y.S.2d 554 (1939) the Appellate Division of the Supreme Court of New York was faced with an action against certified public accountants for failing to discover and report cash shortages after auditing and examining the books and accounts of a stockbrokerage firm. The case was dismissed at the trial court level pursuant to the bar of contributory negligence because the stockbrokerage firm conducted their business in a manner to make defalcations possible. The appellate court held that the claim of professional negligence could not be defeated due to the stockbrokerage firm's own negligence, saying:

"We are therefore not prepared to admit that accountants are immune from the consequences of their negligence because those who employ them have conducted their own business negligently. '. . . accountants . . . are commonly employed for the very purpose of detecting defalcations which the employer's negligence had made possible. Accordingly, we see no reason to hold that the accountant is not liable to his employer in such cases. Negligence of the employer is a defense only when it contributed to the accountant's failure to perform his contract . . . .' " *Id.* 256 A.D. at 235-36, 9 N.Y.S.2d at 563.

This same principle has been applied in legal malpractice cases. In *Hart v. Carro,* 211 A.D.2d 617, 620 N.Y.S.2d 847 (N.Y. App. 1995), the defendant law firm was hired to interpret the law of the Bahamas. Defendant

counsel urged plaintiff to retain counsel in the Bahamas. The plaintiff declined. The court concluded that there could be no shifting of responsibility.

"When, as here, counsel is retained in a matter involving foreign law, it is counsel's responsibility to conduct that matter properly and to know, or learn, the law of the foreign jurisdiction . . . Counsel may not shift to the client the legal responsibility it was specifically hired to undertake because of its superior knowledge." *Id.* 211 A.D.2d at 619, 620 N.Y.S.2d at 849.

The Supreme Court of New Jersey was confronted with a similar legal issue in the case of *Conklin v. Hannoch Weisman,* 145 N.J. 395, 678 A.2d 1060 (1996). The Supreme Court held that the contributory negligence of the plaintiff could not be submitted to the jury for determination. The New Jersey court held that such a defense was permissible only where the plaintiff "deliberately violates the professional's instructions . . . or that the plaintiff failed to mitigate . . . damages." *Id.* 145 N.J. at 413, 678 A.2d at 1068-69.The court said:

"Malpractice in furnishing legal advice is a function of the specific situation and the known predilections of the client. An attorney in a counseling situation must advise a client of the risks of the transaction in terms sufficiently clear to enable the client to assess the client's risks. The care must be commensurate with the risks of the undertaking and tailored to the needs and sophistication of the client." *Id.* 145 N.J. at 413, 678 A.2d at 1069.

The court notes that other states have come to the same conclusion. See for example, *Theobald v. Byers,* 193 Cal. App. 2d 147, 13 Cal. Rptr. 864 (1961) where the California Court of Appeals ruled that the failure

to advise a client to perfect a mortgage by filing could not be defeated by a claim of contributory negligence because the client never asked whether the mortgage should be filed. In that case the court said:

"Appellants employed respondents to perform a specific legal service for them. Respondents negligently failed to do so. Under these circumstances the trial court erred in finding appellants guilty of contributory negligence merely because they failed to record the chattel mortgage themselves or hire another attorney to do so." Id. 193 Cal. App.2d at 151-52, 13 Cal. Rptr. at 867.

Where a partnership retains experienced bond counsel to advise concerning a complex bond reissuance and remarketing, the legal malpractice in rendering that advice cannot be defended on the basis of contributory negligence upon the allegation that the client itself was sophisticated enough to do its own legal work and correct the error.

Accordingly, neither comparative nor contributory negligence apply in this case.

## ORDER

And now, May 5, 1998, upon consideration of the motion of defendants Saul Ewing Remick & Saul and Timothy Frey, Esquire, for pretrial legal and evidentiary rulings, and the response thereto of plaintiff KBF Associates L.P., it is hereby ordered that principles of contributory negligence do not apply in this action and defendants are not entitled to a jury instruction of contributory negligence on the basis that an attorney cannot shift to a client the legal responsibility it was specifically hired to undertake because of its superior knowledge and expertise.