2000 UT 21

STEINER CORPORATION, a Nevada corporation, Plaintiff and Petitioner,

v.

JOHNSON & HIGGINS OF CALIFORNIA, a California corporation, Donald F. Reeves, and Roy J. Bertoldo, Defendants and Respondents.

No. 981732.

Supreme Court of Utah.

Jan. 28, 2000.

Peter W. Billings, Jay B. Bell, John E. S. Robson, Salt Lake City, for plaintiff.

David A. Greenwood, Lisa R. Petersen, Salt Lake City, Robert A. Lewis, San Francisco, CA., for defendants.

Louis A. Craco, Richard L. Klein, Kristin Branson, New York City, NY., and Gary F. Bendinger, Milo Steven Marsden, Salt Lake City, for amicus American Institute of Certified Public Accountants.

HOWE, Chief Justice:

¶ 1 The United States District Court for the District of Utah has certified to us for answers the following two questions: (1) whether, under Utah law, the negligent acts of a plaintiff in causing or contributing to the situation that the plaintiff hired a professional to resolve can be the basis for a comparative or contributory negligence defense, and (2) whether, under Utah law, a plaintiff's negligent acts in causing or contributing to

the situation the plaintiff hired a professional to resolve can be considered in determining causation and damages. We answer both questions "no."

## FACTS

¶ 2 For purposes of this opinion, we recite only those facts directly related to the certified questions. For a more complete statement of the facts, see *Steiner Corp. v. Johnson & Higgins*, 135 F.3d 684 (10th Cir.1998) (*"Steiner II"*). Steiner Corporation brought this action against Johnson & Higgins ("J&H"), an actuarial firm, for professional malpractice and breach of contract. It alleged that J&H improperly handled aspects of Steiner's employee retirement plan. Following a bench trial, the trial court entered judgment in favor of Steiner on one of its claims, but rejected Steiner's primary claim of professional malpractice by J&H. Both parties appealed and the United States Court of Appeals for the Tenth Circuit affirmed in part, reversed in part, vacated in part, and remanded. See *Steiner Corp. v. Johnson & Higgins*, 31 F.3d 935 (10th Cir.1994), *cert. denied*, 513 U.S. 1081, 115 S.Ct. 732, 130 L.Ed.2d 635 (1995) (*"Steiner I"*). On remand, the trial court again ruled in J&H's favor on Steiner's claim of professional malpractice, finding that Steiner was sixty percent negligent in (1) creating the benefit plan which it alleged J & H had mishandled; (2) failing to consult a lawyer regarding the plan; and (3) failing to act even with the knowledge that the plan was problematic. Steiner again appealed, arguing the trial court erred in finding Steiner's negligence comparatively greater than that of J&H. *See Steiner II*, 135 F.3d at 685. The Tenth Circuit again reversed and remanded for a determination of causation and damages. *See id.* at 694. On remand, the trial court certified the aforementioned questions to us.

## ANALYSIS

¶ 3 The first question we must answer is whether the negligence of a plaintiff in causing or contributing to the situation that the plaintiff engages a professional to resolve can be the basis for a comparative or contributory negligence defense. Since comparative

principles have previously been applied in cases dealing with contributory negligence, we will address the two doctrines together. *See Clover v. Snowbird Ski Resort*, 808 P.2d 1037, 1046 (Utah 1991).

¶ 4 The defenses of comparative and contributory negligence are sometimes available to tort defendants as a means of decreasing their liability. *See Ryan v. Gold Cross Servs., Inc.*, 903 P.2d 423, 427 (Utah 1995); *Dixon v. Stewart*, 658 P.2d 591, 598 (Utah 1982). Plaintiffs cannot be held to be contributorily negligent unless their negligence is causally connected to their injury. *See Acculog, Inc. v. Peterson*, 692 P.2d 728, 730 (Utah 1984). We have defined "injury" as "something done against the right of the party, producing damage." *Id.* Thus, a client may be injured if a professional fails to fulfill his responsibilities to him. For a client to be contributorily negligent, his negligence must relate or contribute to the alleged injury caused by the professional stemming from the professional relationship. *See McLister v. Epstein & Lawrence, P.C.*, 934 P.2d 844, 846 (Colo.Ct.App.1996).

¶ 5 When applying these principles to professional negligence, other courts have barred contributory negligence defenses based on the plaintiff's actions taken before obtaining the services of a professional. The defenses have been barred regarding medical, legal, and accounting services. *See, e.g., Fullmer v. Wohlfeiler & Beck*, 905 F.2d 1394, 1398–99 (10th Cir.1990) (accounting services); *Theobald v. Byers*, 193 Cal.App.2d 147, 151–52, 13 Cal.Rptr. 864 (Ct.App.1961) (legal services); *McLister*, 934 P.2d at 846–47 (legal services); *Sendejar v. Alice Physicians & Surgeons Hosp., Inc.*, 555 S.W.2d 879, 885 (Tex.Civ.App.1977) (medical services).

¶ 6 Steiner notes that despite employing slightly different analyses, the cases have a common thread: each reached its conclusions by focusing on the injury for which relief was sought in the case rather than on the condition for which the plaintiff sought professional help. We agree with this line of analysis. For example, in *Sendejar*, a plaintiff's negligence in injuring himself could not be contributory negligence because it was not "si-

multaneous[ ] with or co-operating with" the fault for which the plaintiff sought recovery. 555 S.W.2d at 885. Similarly, in *Matthews v. Williford*, 318 So.2d 480 (Fla.Dist.Ct.App. 1975), the conduct of a plaintiff regarding a medical condition was not allowed as a defense because the malpractice caused a "distinct subsequent injury." *Id.* at 483. Other courts have reached similar conclusions by holding that professional negligence was an "intervening or superseding cause" without which there would have been no injury at all. *See, e.g., Bourne v. Seventh Ward Gen. Hosp.*, 546 So.2d 197, 203 (La.Ct.App.1989).

¶ 7 In applying this reasoning, we conclude that a preexisting condition that a professional is called upon to resolve cannot be the cause, either proximate or direct, of the professional's failure to exercise an appropriate standard of care in fulfilling his duties. To decide otherwise would allow professionals to avoid responsibility for the very duties they undertake to perform. *See Steiner II*, 135 F.3d at 692. A doctor, for example, might be able to avoid liability for negligently treating an injured person because the patient negligently had run a traffic light and was injured. Such a result would be clearly unsound.

¶ 8 J&H's main argument is that refusing to allow plaintiff's conduct which contributes to a situation that the plaintiff hired the professional to resolve to be the basis for contributory negligence would be paramount to adopting the actuarial benefit rule found in *National Surety Corp. v. Lybrand*, 256 A.D. 226, 9 N.Y.S.2d 554 (1939). Because the principles of our tort case law provide sufficient basis for our decision, we need not and do not analyze or rely on *National Surety*.

¶ 9 J&H also cites Utah case law allowing contributory negligence as a defense to professional negligence. It asserts that in reaching our conclusion today, we are creating an exception to general contributory negligence principles based on the professional status of a defendant. *See Birkner v. Salt Lake County*, 771 P.2d 1053 (Utah 1989); *Western Fiberglass, Inc. v. Kirton, McConkie & Bushnell*, 789 P.2d 34 (Utah Ct.App. 1990). Not so. Rather than creating an exception to the defense of contributory neg-

ligence, we are applying general tort principles. Our holding today is in full accord with our case law.

¶ 10 Specifically, in *Birkner*, we held that a patient may negligently contribute to his or her injuries, notwithstanding a physician's negligence, thus allowing a contributory negligence defense. *See* 771 P.2d at 1060. In that case, the injury complained of was sexual misconduct by a licensed social worker. The defendant asserted that the injury was caused in part by the participation of the plaintiff in the sexual misconduct. *See id.* We held that the plaintiff could be contributorily negligent if she participated in the injury—the sexual misconduct. *See id.* That the patient may have caused the condition creating the need for a social worker would not have made her contributorily negligent. Clearly, *Birkner* is distinguishable from the fact situation in the certified question.

¶ 11 Similarly, in *Western Fiberglass*, the court of appeals affirmed a judgment that a plaintiff in an action against a law firm was contributorily negligent. *See* 789 P.2d at 36. The plaintiff alleged that it was injured because the law firm negligently failed to file certain security interests. Negligent actions by the plaintiff were found to have contributed to the injury, including plaintiff's failure to keep the law firm fully informed, plaintiff's failure to be represented by counsel at the closing of a transaction, and plaintiff's failure to file financial statements. *See id.* at 35. Those facts can also be distinguished from the fact situation presented here. Western Fiberglass's negligence occurred *after* it had engaged a professional and thus causally contributed to the injury; namely, the failure to file certain security interests. Its actions creating the need for a law firm in the first place would not have made it negligent. In the instant case, the Tenth Circuit held that the "injury" sustained by Steiner was the "loss of the opportunity to change the formula" of its employee retirement plan. *Steiner II*, 135 F.3d at 692. According to the complaint, J&H committed malpractice by failing to give advice and provide cost estimates in a timely manner, causing Steiner to lose the opportunity to change the formula. The neg-

ligent acts of Steiner cited by the trial judge preceded the omission by J&H and therefore did not "relate to the injury alleged to have been caused by the [professional's] negligence." *Id.* at 693.

¶ 12 The second certified question is whether a plaintiff's negligent acts in causing or contributing to the situation that the plaintiff hired a professional to resolve can be considered in determining causation and damages. The foregoing analysis applies equally to this question.

■ ¶ 13 Contributory negligence can be employed as a defense only if that negligence is "causally connected" to the injury. *See, Acculog,* 692 P.2d at 730; *see also Matthews,* 318 So.2d at 483 (holding that a patient's conduct in contributing to his heart attack was not the "proximate cause" of the patient's death); *Jensen v. Archbishop Bergan Mercy Hosp.,* 236 Neb. 1, 459 N.W.2d 178, 186 (1990) (holding that the patient's negligence must have been "an active and efficient contributing cause of the injury").

■ ¶ 14 The law is the same with respect to damages. Only when the negligence of the plaintiff is "causally connected" to the injury can the damages awarded to the plaintiff be reduced proportionately. Thus, the court in *Lamoree v. Binghamton General Hospital,* 68 Misc.2d 1051, 329 N.Y.S.2d 85 (1972), held that "[a]ny recovery by plaintiff would, of course, be limited to such damages as were occasioned by the alleged negligence of the defendants, that is, damages causally related to such negligent acts or omissions alleged in the plaintiff's complaint." *Id.* at 88.

¶ 15 Associate Chief Justice DURHAM, Justice RUSSON, Judge WILKINS, and Judge SHUMATE concur in Chief Justice HOWE's opinion.

¶ 16 Having disqualified themselves, Justice STEWART and Justice ZIMMERMAN do not participate herein; Utah Court of Appeals Judge MICHAEL WILKINS and District Judge JAMES SHUMATE sat.