No. C-326

**O. Dale Wright v. Lois J. Wright**

(514 P.2d 73)

Decided September 17, 1973.

Epstein, Lozow and Preblud, P.C., Frederick Epstein, Gary Lozow, for petitioner.

Martin P. Miller, for respondent.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

This is a proceeding on motion by Lois Wright for an order requiring her ex-husband, O. Dale Wright, to pay a fixed amount on a monthly basis for support of the parties' three minor children. The trial court denied the motion, and the

Court of Appeals reversed. *Wright v. Wright,* 31 Colo. App. 381, 504 P.2d 1119 (1972). We granted certiorari to the Court of Appeals to review that decision.

Lois J. Wright and O. Dale Wright were divorced by decree of the Arapahoe County District Court in 1968. An agreement by the parties was incorporated into the decree. The agreement granted custody of the three minor children to Mrs. Wright. In a portion of the agreement involved in the present controversy, the father had established two trusts in lieu of child support. The trust instruments were attached and incorporated by reference. The agreement further stated that "inasmuch as the trusts may be used for the support and benefit of the children of the parties, the husband shall have no further obligation to provide child support."

The two trusts were denominated Trust "A" and Trust "B". The agreement creating Trust "A" appointed the Central Bank and Trust Company of Denver as trustee with authority to distribute the net income of the trust, if any, for the children; it further provided that the principal was to be distributed to the children as they reached the age of 21. Payments were to be made to or for the children at the trustee's discretion. This agreement was made on November 22, 1967, and some funds were distributed subsequent to the divorce from Trust "A".

The Trust "B" agreement, dated July 18, 1968, named Lois J. Wright and the First National Bank of Denver as co-trustees. The trust property was $50,000, to be divided equally into three trust estates, one for the benefit of each child. The trustees were authorized to invade the corpus of the trust, provided that no such invasion could reduce the total trust to less than $10,500. These two trusts constituted the husband's entire responsibility for child support.

On September 18, 1970, Lois J. Wright filed a motion for an order requiring that the father pay a fixed monthly child support payment. At the hearing, it was revealed that as co-trustee of the "B" Trust, Mrs. Wright had withdrawn approximately $35,000 of the $50,000 trust principal in a period of eighteen months. Mrs. Wright claimed the expendi-

tures were necessary to maintain the home in good repair and to pay taxes on the home. She contended that, since the trust proved insufficient to maintain the child support, the court should order Mr. Wright to pay a fixed sum for support. The trial court found to the contrary, holding that the wife had commingled the trust funds with her own and used them for her own benefit. After evaluating the husband's financial status, the trial court denied the motion for support and ordered that 'the trust funds be restored. The Court of Appeals reversed, holding that the trial court erred in considering circumstances other than the needs of the children in determining the husband's duty to pay child support. We hold that decision should be reversed.

I.

In reversing the trial court, the Court of Appeals construed the motion for support as limiting the trial court to the issue of whether the father should be required to make support payments. While we agree that this issue is most pertinent, we hold that the trial court was and is not so restricted.

As the trial court noted, the role of the wife as trustee is most relevant in this case. It is well settled that a trustee owes a fiduciary duty to the beneficiaries of the trust. A fiduciary may not allow personal motives to interfere with the discharge of those duties. *Rippey v. Denver U.S. National Bank,* 273 F. Supp. 718 (D. Colo. 1967). In this case, there was evidence that the wife breached her fiduciary duty by using the funds which were to be applied for the benefit of the children for her personal use. We adhere to the law and policy of this state that the needs of the children are of paramount importance and cannot be altered by agreement of the parents. *Irwin v. Irwin,* 150 Colo. 261, 372 P.2d 440 (1962); *Laws v. People,* 59 Colo. 562, 151 P. 433 (1915). Nevertheless, we do not read the cases to impose liability on only the father. The instant case requires that the obligation of the mother and the circumstances surrounding the disposition of the trust fund be fully explored. We hold, therefore, that where a divorced spouse with custody of

children is also co-trustee of a trust created in lieu of child support, the trial court may inquire into the fulfillment of the fiduciary duties owed to the children for purposes of determining whether additional child support by the other spouse is warranted.

## II.

We glean from the record that the trial court determined about $35,000 of the corpus of the subject trust was spent, but no hearing in the nature of an accounting was conducted to determine what expenditures were improper and what was legitimately attributed to and for the benefit of the children. Accordingly, we remand the case for further hearing on the issue of child support. At that hearing, the trial court has full jurisdiction to require an accounting by Mrs. Wright. So much of the amount Mrs. Wright was justified in spending from the corpus should not be charged against her. All other monies found to have been used by Mrs. Wright for her benefit should be totaled and ordered restored to the trust. Her ability to and the time required to make the restoration should be determined as well.

With regard to the larger issue of whether the children are in need of further support, we hereby instruct the trial court to determine that issue by considering the following factors: (1) The needs of the children; (2) the extent to which Trust "A" and Trust "B" — if restoration by Lois J. Wright be required and is possible — will meet the children's needs; (3) the father's ability to make support payments if the trusts are not adequate to provide needed support; and (4) the amount of the payments Mr. Wright should make pending the determination of the monies available from the trusts and later the additional support payments, if any, which may be required to augment the income from the trusts to meet the needs of the children, commensurate with what the court determines is his ability to pay.

The decision of the Court of Appeals is reversed, and the cause is remanded with directions to remand to the trial court with instructions to conduct a new hearing consonant

430

with the views expressed herein.

MR. JUSTICE GROVES and MR. JUSTICE LEE do not participate.