### In re the MARRIAGE OF: Daniel P. BERRY, Appellant,

and

### Debra V. Berry, Appellee.

### No. 82CA0447.

Colorado Court of Appeals, Div. I.

Jan. 27, 1983.

Gehler & Cohen, Ronald Cohen, Commerce City, for appellant.

Steven L. Fisher, Aurora, for appellee.

ENOCH, Chief Judge.

In this dissolution of marriage action, Daniel P. Berry (husband) appeals from that portion of the permanent orders requiring him to pay $1,000 per month in child support for each of the two children born as issue of his marriage to Debra V. Berry (wife). We reverse and remand.

The court found that the children had no financial resources and that husband, a dentist, earned between $118,000 and $165,000 a year, that his assets totalled approximately $1,000,000, and that his expenses were minimal compared with his income. As part of a stipulated property agreement, wife received $427,000 in cash and the family home. The court ordered husband to pay $1,000 a month as child support for each of the two children.

Husband contends that there was insufficient evidence to support the amount of the support order. We agree.

The determination of the amount of child support is a matter within the trial court's discretion, and such determination will not be disturbed on appeal absent a clear abuse of discretion. *In re Marriage of Davis,* 35 Colo.App. 447, 534 P.2d 809 (1975). Here, there is such an abuse of discretion because there is insufficient evidence to support the court's findings.

515

In determining child support, the primary focus is on the needs of the child, and the court may order a parent to pay an amount "reasonable or necessary" for the child's support after considering the relevant factors which include life-style and economic class. *See* § 14–10–115, C.R.S. 1973; *Wright v. Wright,* 182 Colo. 425, 514 P.2d 73 (1973). In this case, the only quantitative evidence of the children's needs was the wife's financial affidavit. The affidavit listed monthly expenses of $2,312 for her and the children, including a $300 per month church contribution, $160 a month in psychotherapy expenses for wife, and certain other expenses which were attributable solely to her. There was no breakdown in the affidavit identifying the needs or expenses of the children, nor was there any testimony concerning the amount of money required to fulfill the needs of the children.

The court based its order, in part, on its findings that the standard of living would have eventually increased and that the children were emotionally upset, and were probably going to need psychological help. With regard to the increased standard of living, the trial court had before it no evidence on which to base its determination. Rather, it focused upon the substantial income of husband, and determined that $1,000 per month was "commensurate" with his income, notwithstanding a lack of evidence showing the children required that much monthly support. With regard to the probable need for psychological help, although wife testified that arrangements had been made, there is no evidence in the record as to the extensiveness or duration of treatment, the cost thereof, or what portion of the cost would be borne by the children's medical insurance, which was paid for by husband.

Thus, based on the record before us, there is a lack of evidence to show that the children, who were then three and five years old, each required $1,000 per month.

Because of our decision here, we need not consider husband's other contentions of error.

The judgment relative to child support is reversed and the cause is remanded for a new hearing and determination of the needs of the children at the time of the hearing based on the evidence, and after due consideration is given to § 14–10–115, C.R.S.1973, for entry of a new support order. The order of the trial court heretofore entered as to child support shall remain in full force and effect pending entry of a new order for the support of the two children.

COYTE and PIERCE, JJ., concur.