**In re the MARRIAGE OF Donald M. SORENSEN, Appellant,**

**and**

**Judith M. Sorensen, Appellee.**

**No. 82CA1369.**

Colorado Court of Appeals,
Div. IV.

March 8, 1984.

Wood, Herzog, Osborn & Bloom, P.C., Charles S. Bloom, Fort Collins, for appellant.

Fischer & Wilmarth, Elery Wilmarth, Steven G. Francis, Fort Collins, for appellee.

SILVERSTEIN, Judge.*

In this dissolution of marriage action, the husband appeals the permanent orders pertaining to division of property and child support. We affirm.

## I.

■ The trial court's child support order reflects a proper consideration of the factors in § 14–10–115, C.R.S. The record establishes that the necessary monthly expenses of the child exceeded the award of $400 a month, and that the father had adequate income to pay that amount. Thus, we find no abuse of discretion. *See In re Marriage of Klein*, 671 P.2d 1345 (Colo.App.1983); *In re Marriage of Berry*, 660 P.2d 512 (Colo.App.1983).

## II.

■ The division of property—assets with a net value of $138,000 to the wife, and $19,000 to the husband—while facially disproportionate, is not inequitable under the unusual circumstances present here. The principal asset was a florist business which was operated by the wife, and was not the source of the husband's income. This business was awarded to the wife, to provide her sole source of income, as she was awarded no maintenance from the husband. Thus, the wife's financial needs were provided for without the necessity of support from the husband. *See In re Marriage of Jones*, 627 P.2d 248 (Colo.1981). Along with the business, the wife assumed, and the husband was released from, substantial obligations.

The apparent discrepancy between the other assets awarded to the parties is offset by the significant difference between the husband's minimum net monthly income, $2,214 a month, and the wife's net monthly income of $878 a month.

■ The division of property is a matter within the trial court's sound discretion,

---

* Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.*, Art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S. (1982 Repl.Vol. 10).

**614**

and the mandate to distribute property equitably does not require equality. *In re Marriage of Lodholm,* 35 Colo.App. 411, 536 P.2d 842 (1975). The court's order here reflects an equitable solution to a difficult problem, allows the parties to be financially independent of each other, *see In re Marriage of Jones, supra,* and reflects a proper consideration of the factors enumerated in § 14–10–113, C.R.S. (1983 Cum.Supp.), including the economic circumstances of each spouse. *See In re Marriage of Faulkner,* 652 P.2d 572 (Colo.1983). We perceive no abuse of discretion in the court's order concerning division of property.

### III.

The findings of the trial court which husband asserts were erroneous, even if overturned, were of minimal significance and did not affect any substantial right of the husband. Therefore, the error, if any, is harmless. *See In re Marriage of Tatum,* 653 P.2d 74 (Colo.App.1982).

Orders affirmed.

ENOCH, C.J., and HODGES *, J., concur.

---

* Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.,* Art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S. (1982 Repl.Vol. 10).