Joseph A. VENTO and Cecilia De-
Fellippie, Plaintiffs–Appellees
and Cross–Appellants,

v.

COLORADO NATIONAL BANK–
PUEBLO, Defendant–Appellant
and Cross–Appellee.

No. 93CA1573.

Colorado Court of Appeals,
Div. III.

March 23, 1995.

Rehearing Denied May 4, 1995.

Certiorari Denied Dec. 11, 1995.

Kettelkamp & Alcala, P.C., W.C. Kettelkamp, Jr., C. Todd Kettelkamp, Pueblo, Dufford and Brown, P.C., Philip G. Dufford, Denver, for plaintiffs-appellees and cross-appellants.

Otten, Johnson, Robinson, Neff & Ragonetti, P.C., David W. Stark, Kenneth K. Skogg, Denver, for defendant-appellant and cross-appellee.

Opinion by Judge HUME.

Defendant, Colorado National Bank–Pueblo, appeals the judgment entered in favor of plaintiffs, Joseph A. Vento and Cecilia De-Fellippie, following a bench trial. The trial court determined that defendant, trustee of several trusts of which plaintiffs, among others, were settlors and beneficiaries, breached its fiduciary duty to plaintiffs during the renegotiation and assignment of a lease for property owned by the trusts. Plaintiffs cross-appeal the court's decision to limit their recovery to their proportionate interest in the trust property. We affirm.

Defendant is trustee of each of four separate trusts created for four members of plaintiffs' family. The principal property in each trust is an undivided one-fourth interest in a coal mining tract in Fremont County, Colorado.

In 1978, defendant entered into a lease with a coal company (lessee) granting it the right to mine part of the coal located on the trust property. In early 1985, lessee asked defendant to consent to a change in the lease provisions and to the assignment of the lease to another coal company (buyer) that wanted to purchase lessee's assets, including all of its mining operations.

Defendant conferred with plaintiffs and subsequently consulted several attorneys who had previously done work for defendant. Vento did not agree with these attorneys' negotiations and unsuccessfully requested that defendant obtain additional information from buyer before altering or assigning the lease.

Ultimately, in March 1985, defendant accepted buyer's offer to pay it a sum of money for completing the transaction and agreed to the proposed modification and assignment of the mining lease.

In 1987, plaintiffs filed suit against defendant, claiming that it had breached its fiduciary duties as trustee. A jury trial in 1991 culminated in a verdict for defendant. However, plaintiffs were granted a new trial on the ground of juror misconduct.

In 1993, the second trial resulted in the judgment from which this appeal has been taken.

## I.

Defendant first contends that the 1991 trial court erred in granting plaintiffs' motion

for a new trial based on misconduct during juror deliberations. We disagree.

Considerable discretion is vested in the trial court in ruling on a motion for a new trial, and its ruling will not be disturbed in the absence of a clear showing of an abuse of that discretion. *Aspen Skiing Co. v. Peer,* 804 P.2d 166 (Colo.1991).

Following receipt of the verdict, the trial court discovered that the jurors had obtained and used a dictionary during their deliberations. After conducting a hearing that included the testimony of the jury foreman, the trial court determined that this exposure to extraneous material improperly influenced the jury, and therefore, it granted plaintiffs' motion for a new trial.

■ The use of a dictionary to assist the jurors in understanding legal terminology is improper. *Niemand v. District Court,* 684 P.2d 931 (Colo.1984). However, the exposure of jurors to extraneous sources of information does not automatically require a new trial. *Wiser v. People,* 732 P.2d 1139 (Colo. 1987).

■ The trial court must first determine the effect of the information or influence on a typical jury. A new trial is necessary when there is a reasonable possibility that the verdict was tainted by the introduction of outside information into the jury deliberations. *Harper v. People,* 817 P.2d 77 (Colo.1991).

■ The party alleging juror misconduct may introduce evidence to establish that external matters improperly influenced the verdict. However, how the improperly received information was used by the jurors in their deliberative process is not a proper subject of inquiry. *Montrose Valley Funeral Home, Inc. v. Crippin,* 835 P.2d 596 (Colo.App.1992).

■ Here, the jury foreman improperly told the court how his deliberations were affected by his use of the dictionary. However, the court's decision to grant plaintiffs' motion for a new trial was based upon a finding that there was a "reasonable possibility" that the jurors' deliberations were tainted by the extraneous information.

Thus, the trial court did not abuse its discretion in concluding that the jury could

have been influenced by its use of the dictionary and ordering a new trial.

## II.

Next, defendant contends that the court improperly admitted the testimony of plaintiffs' coal mining expert witness, claiming that because many of the witness' opinions about plaintiffs' damages were based on his predictions of future events, they were pure speculation and should not have been admitted as competent evidence. We disagree.

■ The discretion of the trial court over the scope of expert testimony will not be disturbed on review absent a clear showing of abuse. *People v. Davis,* 187 Colo. 16, 528 P.2d 251 (1974).

■ An expert may express an opinion based upon assumptions which have a reasonable basis in the evidence so long as the information is of the type reasonably relied on by experts in the particular field of expertise. *See Koehn v. R.D. Werner Co.,* 809 P.2d 1045 (Colo.App.1990); *Gold Rush Investments, Inc. v. Johnson Construction Co.,* 807 P.2d 1169 (Colo.App.1990).

■ Once a witness is qualified as an expert, the fact that the examination of that witness reveals that he or she cannot support an opinion with certainty goes only to the weight to be given the opinion and not its admissibility. *Marlow v. Atchison, Topeka & Santa Fe Ry. Co.,* 671 P.2d 438 (Colo.App. 1983).

■ Here, plaintiffs' expert testified about proper mining practices. He then evaluated the manner in which the alterations to the lease assigned to buyer resulted in the loss of coal production on the trust property. His estimation of these losses was based, in part, on his professional opinion as to circumstances both parties should have anticipated during the lease negotiations.

Since defendant does not assert that these opinions were based upon information not of the type reasonably relied upon by other experts in the coal mining field, we are satisfied that they were rationally derived from the witness' experience and based upon the

facts and circumstances surrounding the coal mining operation on the trust property. We thus conclude that the opinions offered were more than merely surmise, speculation, and conjecture, and we find no error in the trial court's ruling. *See Koehn v. R.D. Werner Co., supra.*

The record presents, at most, a factual controversy regarding the weight to be accorded to the conflicting evidence given by each side's experts. *See Dow Chemical Co. v. Industrial Claim Appeals Office,* 843 P.2d 122 (Colo.App.1992). The trial court made exhaustive and comprehensive findings supported by competent evidence produced at trial, and those findings will not be disturbed on appeal.

## III.

Defendant next asserts that the trial court erred in concluding that defendant breached its fiduciary duty. We perceive no error.

■ Findings of fact by a trial court sitting without a jury will not be disturbed on appeal unless clearly erroneous and not supported by the record. *People in Interest of M.S.H.,* 656 P.2d 1294 (Colo.1983).

■ A trustee owes a duty to trust beneficiaries to exercise such care and skill as a person of ordinary prudence would exercise in safeguarding and preserving his or her own property. G. Bogert, *Trusts & Trustees* § 541 (2d ed. rev. 1984). *See also Marshall v. Grauberger,* 796 P.2d 34 (Colo.App.1990). The trustee must not allow personal motives to interfere with the discharge of his or her duties. *Wright v. Wright,* 182 Colo. 425, 514 P.2d 73 (1973).

■ Section 15–1–304, C.R.S. (1987 Repl. Vol. 6B) provides that:

In acquiring, investing ... and managing property for the benefit of others, fiduciaries shall be required to have in mind the responsibilities which are attached to such offices and the size, nature, and needs of the estates entrusted to their care and shall exercise the judgment and care, under the circumstances then prevailing, which men of prudence, discretion, and

intelligence exercise in the management of the property of another....

Here, the court determined that defendant violated § 15–1–304 when it failed to seek the advice of independent mining experts during the renegotiation of the lease subsequently assigned to buyer. This finding was based, in part, on several experts' testimony that the renegotiation process was very complex and involved technical issues that demanded expert evaluation.

Additionally, although defendant consulted several attorneys, none of them claimed expertise in the practices or processes of seam mining and all either had been, or were then, associated with defendant. Because lessee threatened to sue defendant if it did not complete the new lease transaction, the court determined that there was a potential conflict between the beneficiaries' interests and those of the trustee bank and its attorneys and that defendant should have hired outside legal counsel to assist in evaluating the modified terms of the lease upon its assignment.

Because the court's findings are supported by the record, they are not clearly erroneous and will not be cast aside on appeal.

## IV.

Defendant also claims that because the trial court did not make a specific finding that defendant's conduct proximately caused plaintiffs' injuries, its damage award was in error. We are not persuaded.

■ In determining the issues of causation of injury, the trier of fact is vested with broad discretion and its assignment and award of compensation will not be set aside absent a showing that it abused that discretion. *Koontz v. Rosener,* 787 P.2d 192 (Colo. App.1989).

■ Conduct that is a substantial contributing cause of injury is the proximate cause, even though other factors, even factors beyond defendant's control, may also have contributed to a claimed injury. *Rupert v. Clayton Brokerage Co.,* 737 P.2d 1106 (Colo.1987).

■ Here, plaintiffs' experts testified that because defendant did not seek the ad-

vice of coal mining experts during the negotiations for assignment and modification of the lease, it accepted terms that were unfavorable to plaintiffs and allowed buyer to mine the trust property in an unconventional way, ultimately leading to economic losses by plaintiffs.

The court did not use the term "proximate cause" in its findings of fact and conclusions of law. However, it compared plaintiffs' present financial position to their position had the lease not been altered and assigned to buyer and determined that defendant's breach of fiduciary duty resulted in the loss of several seams of coal and reduced income to plaintiffs.

Because this determination contains an implicit finding that defendant's conduct was a substantial factor contributing to plaintiffs' subsequent economic losses, the trial court did not err in awarding damages to plaintiffs.

### V.

Defendant challenges the court's damage award as speculative. We do not agree.

■ The trial court, as fact finder, has broad discretion in determining the amount of damages and its decision will not be disturbed on appeal absent an abuse of discretion. *Airborne, Inc. v. Denver Air Center, Inc.*, 832 P.2d 1086 (Colo.App.1992).

■ If a trust has been damaged, but there is uncertainty as to the extent of the damages, they are to be closely approximated by drawing reasonable and probable inferences from the facts proven. *Marshall v. Grauberger, supra.*

■ Here, defendant's contention appears to be based upon its previous challenge to plaintiffs' coal mining expert's testimony. Defendant claims that because the expert's opinions were speculative and conjectural in nature, there was no valid basis for finding that plaintiffs suffered any injury, and thus, the court's damage award is also invalid.

We have previously determined that this expert's opinions were not merely speculative. In addition, we note that the trial court also utilized the testimony of other experts as the basis for its findings of fact and its ultimate conclusions.

Because the record supports the court's determination that plaintiffs did, indeed, suffer damages and since the award is supported by competent evidence in the record, we perceive no error in the damage award.

### VI.

Finally, defendant asserts that the court erred in awarding prejudgment interest at the rate of 8% per annum from March 22, 1985, the date defendant approved the lease modification and assignment, to the date of the court's final order. We disagree.

Prejudgment interest is permitted at the rate of 8% per annum compounded annually for all moneys or the value of all property wrongfully withheld. Section 5–12–102(1)(b), C.R.S. (1992 Repl.Vol. 2).

Defendant contends that the phrase "wrongfully withheld" relates to the date of actual injury rather than to the date of defendant's wrongful conduct. It argues that, since no withholding could have occurred until plaintiffs' mining royalties actually became due and owing, the court's computation creates a windfall for plaintiffs.

■ Compensatory damages are ordered to make an injured party whole. *Board of County Commissioners v. Slovek*, 723 P.2d 1309 (Colo.1986). The trial court has wide discretion in fixing the amount and measure of damages. *Bigler v. Richards*, 151 Colo. 325, 377 P.2d 552 (1963). However, a court's award of damages will be set aside if it creates a windfall disproportionate to plaintiff's injury. *Department of Health v. Donahue*, 690 P.2d 243 (Colo.1984).

■ Section 5–12–102(1)(b) is to be liberally construed to permit recovery of prejudgment interest on money or property wrongly withheld. Whether the nonprevailing party recognized an actual gain or benefit as a result of wrongfully withholding property is irrelevant. Thus, one who is damaged by a breach of duty may recover prejudgment interest from the date of the breach, since it is the breach itself that makes the conduct wrongful. *See Mesa Sand & Gravel Co. v. Landfill, Inc.*, 776 P.2d 362 (Colo. 1989).

■ Therefore, the date when plaintiff would actually have received any royalties

earned by the coal mining operation is irrelevant to a determination that money was wrongfully withheld from them. Instead, they are entitled to prejudgment interest from the date defendant breached its fiduciary duty, thus causing the harm that ultimately occurred. *See Wall v. Foster Petroleum Corp.,* 791 P.2d 1148 (Colo.App.1989).

## VII.

In their cross-appeal, plaintiffs contend that the court erred in limiting their damage recovery to their proportionate interest in the trust property. We perceive no error.

Here, four separate trusts exist, each identifying different beneficiaries and including distinct properties. Each settlor/beneficiary (including plaintiffs) separately deeded his or her undivided one-fourth interest in the mined property to his or her trust.

In fixing the amount of plaintiffs' awards, the trial court determined the total amount of damages the property incurred, divided that number by four, and awarded each plaintiff a one-fourth share of the total damages.

Plaintiffs, relying upon *Carlson v. McNeill,* 114 Colo. 78, 162 P.2d 226 (1945), argue that the court should have divided the total damage award equally between the two of them as tenants in common to the trust property. We reject that argument.

The proper measure of damages is an amount that shall make the injured party whole. *Munson v. Boettcher & Co.,* 832 P.2d 967 (Colo.App.1991).

A trust beneficiary is the person for whose benefit the trust property is held by the trustee. G. Bogert, *Trusts & Trustees* § 1 (2d ed. rev. 1984). Co-beneficiaries are owners of equitable interests in the same trust property and are generally tenants in common. G. Bogert, *Trusts & Trustees,* § 191 (2d ed. rev. 1984).

Here, however, each trust is a separate entity identifying different beneficiaries for whom trust property (including, among others, each settlor's one-fourth interest in the mined property) is held and managed by defendant trustee. Thus, the four settlors are neither common owners of, nor do they share an identical interest in, the corpus of each individual trust.

Therefore, since plaintiffs, unlike the litigants in *Carlson v. McNeill, supra,* are not tenants in common, they have no right to sue nor collect an award for damages incurred to any interest in the mined property owned by the other trusts. The other settlors and or beneficiaries must protect their own interests.

Thus, the trial court did not err when it limited plaintiffs' recovery to their proportionate shares in the trust property.

Judgment affirmed.

JONES and TAUBMAN, JJ., concur.